IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandra Bishop,                                              Case No.  1:24 CV 728

               Plaintiff,                    ORDER ADOPTING
                                                            REPORT AND RECOMMENDATION
    -vs-
                                                            JUDGE JACK ZOUHARY
Commissioner of Social Security,

               Defendant.

Plaintiff Sandra Bishop challenges the denial of disability benefits by the Defendant Commissioner of Social Security (Doc. 1).  This case was automatically referred to Magistrate Judge Jonathan Greenberg for a Report and Recommendation ("R&R") under Local Rule 72.2(b). The R&R recommends this Court affirm the Commissioner's final decision (Doc. 10).

Under 28 U.S.C. § 636(b)(1), a party must file any written objections to the R&R within fourteen (14) days of being served with the R&R.  The Electronic Court Filing ("ECF") system makes the date of the R&R filing the date of service.  The failure to file objections within the time frame set forth in the statute constitutes a waiver of *de novo* review by the district court. *See United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 474 U.S. 140, 149–150 (1985).

Here, the R&R was filed on February 6, 2025.  The docket entry reads: "**Report and Recommendation** that the Commissioner's final decision be AFFIRMED. (Objections to Report & Recommendation due by 2/20/2025), Referral Terminated. Signed by Magistrate Judge Jonathan D. Greenberg on 2/6/25. (D,Ky) (Entered: 02/06/2025)."  The February 20, 2025 deadline passed, and no objections were filed.  Plaintiff filed her objections on February 21, 2025 (Doc. 11) -- a day late.

The R&R did not require counsel to guess the date for filing objections -- it was clearly listed on the docket -- and advised the parties of the consequences for failing to timely object (Doc. 10 at 21). In considering the untimeliness of Plaintiff's objections, this Court adheres to Supreme Court guidance:

> If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late -- even by one day.

*United States v. Locke*, 471 U.S. 84, 101 (1985).

Further, Plaintiff offers no excuse or justification for her late filing. *See Batista v. Consolidated Edison of New York, Inc.*, 2025 WL 842940, at *2 (S.D.N.Y. 2025) (reviewing day-late objections where there was a family emergency); *Z.B. v. Chambersburg Area School District*, 2023 WL 11999162, at *1 (M.D. Pa. 2023) (declining to review day-late objections because the "parties failed to provide any explanation or justification for their lateness"). This Court cannot concoct a viable excuse for Plaintiff -- she was represented by counsel, filed her objections through ECF, and the due date was not a Saturday, Sunday, or legal holiday. *See* Federal Civil Rule 6(a)(1)(C), (d).

With no dispute the filing was late, and no good excuse, this Court adopts the R&R (Doc. 10) affirming the Commissioner's final decision.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
        JACK ZOUHARY
        U. S. DISTRICT JUDGE

        April 8, 2025